IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

vs.                                    CRIMINAL NO. 5:21-cr-3-DCB-FKB

RICKY ONEAL WRIGHT                                          DEFENDANT

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Ricky Oneal Wright ("Defendant")'s Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). [ECF No. 39] (the "Motion"). Having reviewed the Motion, the parties' submissions, the record, and applicable law, the Court finds as follows:

BACKGROUND

In January 2021, Defendant was charged with possession with intent to distribute 5 grams or more of methamphetamine in violation of Title 21, United States Code, Section 841(a)(1). [ECF Nos. 3 & 4]. Defendant pled guilty to Count 1 of the indictment and entered into a plea agreement. Minute entry dated 6/3/21; [ECF Nos. 32, 33]. The Court sentenced Defendant

1

to 65 months imprisonment, to be followed by five (5) years supervised release.  Minute Entry 9/2/21; [ECF No. 38]. Defendant currently is serving his sentence at FCI Beaumont Low in Beaumont, Texas.  According to the government, Defendant is scheduled to be released on September 16, 2025, and is eligible for home detention on March 16, 2025. [ECF No. 43] at 2.

On November 2, 2021, Defendant petitioned the warden of FCI Beaumont Low for compassionate release based upon his "serious heart problems" and concerns related to the COVID-19 virus. [ECF No. 39-2]; see also [ECF No. 39] at 2; [ECF No. 39-1]. Defendant claims that the warden never answered his request for compassionate release, [ECF No. 39] at 2, which the government has not disputed. [ECF No. 43].

In the absence of a response from the warden, Defendant filed his Motion for Compassionate Release with the Court on March 18, 2022, and moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [ECF No. 39].  Defendant claims that his medical history of aortic valve replacement and high blood pressure puts him at a greater risk of multiple, damaging COVID-19 reinfections.  [ECF No. 39] at 3-6.  He also claims that the "open dormitory environment" at Beaumont Low exacerbates his risk.  Id. at 4.  The government counters that Defendant cannot establish an "extraordinary and compelling reason" to support a sentence reduction because, among other things, he has been

2

fully vaccinated and boosted against the COVID-19 virus. [ECF No. 43] at 11. The government further argues that Defendant has not met his burden to show that a reduction is warranted under the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). [ECF No. 43] at 10.

DISCUSSION

I.
Exhaustion of Administrative Remedies

Title 18 U.S.C. § 3582(c)(1)(A) authorizes a district court to grant a reduction of sentence upon motion by the Director of the Bureau of Prisons ("BOP") or upon motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 (thirty) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1] The record shows

---

[1] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii) provides:

(1) in any case--
(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

no response from the warden within 30 days from the date of his receipt of Defendant's compassionate release request, and the government concedes that Defendant "has satisfied the administrative exhaustion requirement [of] 18 U.S.C. § 3582(c)(1)(A)."  [ECF No. 43] at 2.  Accordingly, the Court finds that Defendant has exhausted his administrative remedies.

## II.
## Analysis

In United States v. Shkambi, 993 F.3d 388, 392-93 (5th Cir. 2021), a panel of the Fifth Circuit Court of Appeals considered the effect of the First Step Act on Section 3582 and clarified the analysis that district courts must apply to a prisoner's compassionate release motion.  Recognizing that the statute requires a sentence reduction to be "consistent with applicable policy statements issued by the Sentencing Commission," the

---

(i) extraordinary and compelling reasons warrant such a reduction; or
(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(i)-(ii) (West).

Fifth Circuit found this requirement "illusory" and held that there is no policy statement or commentary issued by the Sentencing Commission that "binds a district court addressing a prisoner's own motion under 3582." Shkambi, 993 F.3d at 391, 393; see 18 U.S.C. § 3582(c)(1)(A). The panel concluded that the district court "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a). Shkambi, 993 F.3d at 393.

In short, the Court may only modify or reduce Defendant's term of imprisonment if it finds that (i) "extraordinary and compelling reasons" warrant a reduction, and (ii) the applicable sentencing factors in 18 U.S.C. § 3553(a) weigh in favor of his early release. 18 U.S.C. §3582(c)(1)(A). "Generally, it is the defendant's burden to demonstrate that he satisfies the requirements for compassionate release." United States v. Whirl, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020); see also United States v. Tamayo, No. 3:05-cr-313-M-1, 2022 U.S. Dist. LEXIS 67228, *6 (N.D. Tex. March 14, 2022) ("A defendant bears the burden of demonstrating he is entitled to compassionate release."). Rehabilitation of the defendant alone is not considered an extraordinary and compelling reason within the meaning of Section 3582(c)(1)(A)(i). United States v. Grimaldo, No. 4:08-CR-107-SDJ, 2022 WL 4126106, at *7 (E.D. Tex. Sept. 9, 2022); United States v. Dotrey, No. 2:13-CR-04, 2021 WL

5

4191454, at *8 (E.D. Tex. Sept. 15, 2021) (motion for compassionate release denied where defendant argued that he had been rehabilitated and had a low risk of recidivism).

A. <u>Extraordinary and Compelling Reasons</u>.

Defendant suggests that extraordinary and compelling reasons for a sentence modification exist because his underlying cardiac condition, along with his 59-years of age, arthritis and high blood pressure,[2] place him in harm's way for multiple reinfections of COVID-19 at Beaumont Low.  Defendant further claims that the risk of COVID infections is particularly high at Beaumont Low, which, according to Defendant, "achieved the distinction of having the highest number of positive COVID cases on December 7, 2020."  [ECF No. 39] at 4-5.

---

[2] Decisions from the Fifth Circuit and other courts have found that high blood pressure (i.e., hypertension) is not considered an extraordinary and compelling reason that justifies compassionate release. <u>E.g.</u>, <u>Thompson</u>, 984 F.3d at 432-35; <u>United States v. Gowdy</u>, 832 F. App'x 325, 327 (5th Cir. 2020) (medicinally controlled hypertension was not an extraordinary and compelling reason for compassionate release); <u>United States v. Terrence Leavell</u>, No. CR 07-202, 2021 WL 1517912, at *3 (E.D. La. Apr. 16, 2021) (defendant with high blood pressure, diabetes and obesity alleged nothing more than general concerns about possible exposure to COVID-19 and was not entitled to relief under § 3582); <u>United States v. Ferrell</u>, No. 1:16-cr-00259-TWP-MJD-1, 2020 WL 3871210, at *5, n.5 (S.D. Ind. July 8, 2020) (although CDC has stated that hypertension has been associated with increased illness severity and adverse outcomes, "association is not necessarily causation …").

6

Regarding Defendant's medical condition, the select medical records that Defendant submitted to the Court [ECF No. 39-3] and the comprehensive records that the government submitted under seal [ECF No. 47] demonstrate that Defendant had an aortic valve disorder, which, according to a physical evaluation conducted on 10/20/2021, was in remission.  Overall, the medical records show a 59-year-old man with a cardiac condition that is well-controlled by medication.  In response to Defendant's request for compassionate release, the Bureau of Prisons conducted a medical evaluation on January 7, 2022, to assess Defendant's eligibility for a reduction in sentence.  The physician evaluator concluded that Defendant's medical conditions were quite stable with his current medical management and treatment plan, and that he did not meet the criteria for early release. [ECF No. 47] (under seal).  These records do not show that Defendant is suffering "extraordinary and compelling circumstances" which would warrant his release from incarceration.  United States v. Ayon-Nunez, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020)("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release.").

Of further significance is the fact that Defendant is vaccinated against the COVID-19 virus.  His medical records indicate that he received the first dose of the Pfizer COVID-19

7

vaccine on April 27, 2021, the second dose on May 28, 2021, and a Moderna booster shot on February 18, 2022. [ECF No. 47](under seal); [ECF No. 43] at 11.  District courts within the Fifth Circuit routinely consider a movant's COVID-19 vaccination status in analyzing compassionate release motions.  E.g., United States v. Hernandez, No. 1:16CR51-LG-JCG-1, 2022 WL 4110908, at *2 (S.D. Miss. Sept. 8, 2022) (defendant had received two doses of the Pfizer COVID-19 vaccine at FCI Beaumont-Low and did not demonstrate extraordinary and compelling circumstances that could justify a Section 3582 sentence reduction); United States v. Lawrence, No. 3:17-CR-149-DPJ-FKB, 2021 WL 5173622, at *2 (S.D. Miss. Nov. 5, 2021) (because vaccinations reduce infections and their severity, breakthrough cases are rare, and COVID-19 is not running rampant through FCI Beaumont Low, court found that inmate failed to demonstrate extraordinary and compelling reasons to support a sentence modification); United States v. Parham, No. 1:19-CR-133-LG-RHW-1, 2021 WL 1911899, at *2 (S.D. Miss. May 12, 2021) (finding that "generalized concerns of contracting COVID-19[ ] are not an 'extraordinary and compelling reason' under 18 U.S.C. § 3582(c)(1)(A) justifying … release" where the defendant had received the COVID-19 vaccine); United States v. Isidaehomen, No. 3:16-CR-0240-B-4, 2021 WL 243458, at *3 (N.D. Tex. Jan. 25, 2021)(recognizing that "vaccination significantly reduces [the] risk of contracting

8

COVID-19 or experiencing complications related to a COVID-19 infection," court held that vaccinated defendant failed to demonstrate extraordinary and compelling reasons).

The Court also notes that, according to the BOP website, the COVID infection rate at Beaumont Low is far from the dire situation that Defendant presents in his motion.  As of September 22, 2022, at 3 p.m., the BOP reported no confirmed COVID infections of inmates or prison staff at Beaumont Low. See BOP website at  https://www.bop.gov/coronavirus/ (last visited 9/22/2022).  In sum, BOP's ongoing vaccination program and the current zero-rate of confirmed COVID cases at Beaumont Low further support the Court's conclusion that Defendant's medical condition is not sufficient to warrant an early release. United States v. Shearod, No. CR 15-306, 2022 WL 656210, at *4 (E.D. La. Mar. 4, 2022) (court found no extraordinary and compelling circumstances where BOP's published statistics for Beaumont Low indicated only three inmates (out of 1,540) and six staff members tested positive for COVID-19 and defendant was fully vaccinated against COVID-19).

B.  Section 3553(a) Factors.

A final consideration in the Court's compassionate release analysis is to determine whether a reduction in sentence would be consistent with the applicable Section 3553(a) factors.

9

Shkambi, 993 F.3d at 393; United States v. Rios, No. 21-10371, 2022 WL 4355146, at *1 (5th Cir. Sept. 20, 2022). The applicable Section 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a).

The Court notes that it conducted a sentencing hearing of Defendant on September 2, 2021 (see Minute Entry 9/2/21), (ii) issued a detailed (and restricted) Statement of Reasons [ECF No. 37], and (iii) rendered judgment as to Defendant on September 13, 2021. [ECF No. 38]; see Rios, 2022 WL 4355146, at *1 (Fifth Circuit affirmed district court's denial of compassionate release and noted that the same district court judge who denied the motion for compassionate release originally sentenced the defendant); United States v. Guston, No. 312-CR-116-CWR-FKB-3, 2021 WL 149018, at *5 (S.D. Miss. Jan. 15, 2021) ("Because this Court sentenced [Guston], the Court is intimately familiar with how these [Section 3553(a)] factors apply to his

10

circumstances."). This Court is well-aware of the nature and seriousness of Defendant's underlying drug crime, the weight of the evidence and Defendant's guilty plea, and Defendant's extensive criminal history and characteristics. Defendant's criminal record includes a conviction for second-degree murder in Louisiana and a conviction for felon in possession of a firearm in the Southern District of Mississippi. [ECF No. 35] (presentence investigation report under seal).

Defendant argues that "he is no longer a threat to the community" and "has taken 'Classes and Courses' aimed at lowering the recidivism rate … and geared towards preparing the inmate for success upon reentry into the community." [ECF No. 45] at 5. While Defendant's completion of such classes is encouraging, it is the Court's opinion that, on this record, a reduction of Defendant's sentence would not respect the need for the sentence to (i) reflect the seriousness of the offense, (ii) promote respect for the law, (iii) provide just punishment for the offense; (iv) deter criminal conduct, and (vi) protect the public from further crimes of Defendant. 18 U.S.C. § 3553(a); see United States v. Rogers, No. 1:09CR100-LG-RHW-1, 2020 WL 3423423, at *1 (S.D. Miss. June 22, 2020) (Section 3553(a) factors did not justify compassionate release where defendant argued that she had made tremendous strides towards rehabilitation, including her completion of various classes).

11

For all the reasons stated herein, the Court concludes that there are no extraordinary and compelling reasons and no justification under Section 3553(a) to support Defendant's request for early release under 18 U.S.C. § 3582(c)(1)(A).

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 39] is DENIED.

SO ORDERED, this the 23rd day of September 2022.

                                            /s/  David Bramlette
                                    UNITED STATES DISTRICT JUDGE